UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-235-H

**JAMES WESLEY CRAIG**                                                                                              **PLAINTIFF**

v.

**JEFFERSON COUNTY** *et al.*                                                                                   **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff James Wesley Craig filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff brings this action against Jefferson County, Head Jailer of the Jefferson County Jail ("JCJ"), JCJ Sgt. Davis #328, JCJ Officer Masinige, JCJ Hearing Officer Shaw, Daviess County, and Daviess County Jailer David Osborne. He sues Defendants in their individual and official capacities and seeks punitive damages and injunctive relief.

Plaintiff claims that while incarcerated in the Jefferson County Jail, he asked for use of the "time out box" to exercise his religion as a devil worshiper. Plaintiff reports that an unnamed officer on the previous shift laughed at him, told other officers that he was a devil worshiper, placed him back in the dorm, called him a devil worshiper in front of everyone, and told the next shift that he was a devil worshiper. The unnamed "other officers" would not let Plaintiff use the "time out box." Shortly thereafter, the officers began a cell search and stated untruthfully, according to Plaintiff, that Plaintiff was beating on the door, being disruptive, and using abusive

language. Plaintiff told Defendant Shaw that he wanted an appeal, but he never received one. Instead, Plaintiff was placed in "the hole."

When he was moved to the Daviess County Jail, Plaintiff again requested "to exercise [his] religion," but he was not permitted to do so. He contends that salt is a "very important element" in his religion but that "they" would not give him salt. He alleges that "they say it's a weapon, they don't call the Hot pot in our dorm a weapon." Plaintiff reports that he asked to be moved to another dorm because of threats made on him due to his religion. "They said my religion is not reco[g]nized in this town." Plaintiff also asked to be moved to a prison but never received a response, and he asked to be moved to a single cell to practice his religion but never received a response. Plaintiff reports that, despite numerous requests, "they waited until [he] almost served out" before giving him a complaint form.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level

on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

A. **Punitive damages**[1]

    **1. Claims against Jefferson and Daviess Counties and the official-capacity claims against all other Defendants**

Plaintiff sues Jefferson and Daviess Counties and various county officials. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, the official-capacity claims against Defendants Davis, Masinige, and Shaw are actually against the Louisville Metro Government, and the official capacity claims against Defendant Osborne are actually against Daviess County. The claim for punitive damages against Louisville Metro and Daviess County must be dismissed because "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

    **2. Individual-capacity claims**

In order to assert a cognizable §1983 claim, a plaintiff must allege specific facts. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The required facts must provide adequate detail to support the claim, such as specific incidents of deprivation of a plaintiff's rights, how each defendant was involved, the names of other persons involved, dates, and places. The specific facts must also explain how the plaintiff himself was personally injured by the challenged conduct or condition, *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and

---

[1] By prior Order (DN 9), the Court denied Plaintiff's motion for settlement. The Court notes that in that motion Plaintiff requested compensation for mental stress. Any claim for such relief would fail, however, as 42 U.S.C. § 1997e(e) precludes prisoners from recovering compensatory damages for emotional or mental injuries without a prior showing of physical injury.

how each defendant is responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985).

Furthermore, a complaint filed under § 1983 must also show a causal connection between the named defendants and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by the defendants was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986). "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery County*, 989 F.2d 885, 889 (6th Cir. 1993). To establish causation, a plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id*.

Plaintiff fails to connect any wrongful conduct to Defendants Davis, Masinige, and Osborne. The body of the complaint contains no factual references to those Defendants, and the Court is not to guess whether any of the allegations in the complaint involve any of the named Defendants. Plaintiff does reference Defendant Shaw but only on one occasion when he states, "I told Shaw I wanted an appeal but never got it." Plaintiff fails to explain how this isolated inaction rises to the level of a federal constitutional violation, and even under liberal construction, any due process claim fails because Plaintiff has not shown that his subsequent placement in segregation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). The complaint is, therefore, factually insufficient to state a cognizable damages claim against Defendants Davis, Masinige, Shaw and Osborne.

## B. Injunctive relief

An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir.1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996) (same). Here, Plaintiff requests that the jails provide a place for the worship all religions. However, as Plaintiff is no longer incarcerated at either the Jefferson County Jail or the Daviess County Jail, it is clear that he would derive no benefit from granting the requested relief. His claim for injunctive relief must, therefore, be dismissed.

As all claims for relief must be dismissed, the entire action must be dismissed. The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
      Jefferson County Attorney
      Daviess County Attorney
4412.005

6